PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. BRANSON CLYDE SAVAGE                    Docket Number: 07-cr-00276-WYD-01

**Petition for Issuance of Summons Due to Violation of Supervised Release**

COMES NOW, Christine A. Zorn, probation officer of the court, presenting an official report upon the conduct and attitude of Branson Clyde Savage who was placed on supervision by the Honorable Frank Montalvo sitting in the court at El Paso, Texas, on the 4th day of January 2005, who fixed the period of supervision at three (3) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol.  The defendant may be required to contribute to the costs of services rendered (copayment) in an amount o be determined by the Probation Officer, based on the defendant's ability to pay.

2. The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

3. The defendant shall perform 200 hours of community service as directed by the probation officer.

On June 18, 2007, jurisdiction of the defendant's case was transferred from the Western District of Texas to the District of Colorado.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for violations of supervised release.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 17th day of September 2007, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/Christine A. Zorn |
| | Christine A. Zorn<br>Senior U.S. Probation Officer |
| s/ Wiley Y. Daniel<br>Wiley Y. Daniel<br>U.S. District Judge | Place: Denver, Colorado<br><br>Date: September 13, 2007 |

**ATTACHMENT**

On October 14, 2005, and April 10, 2006, the conditions of supervised release were read and explained to the defendant. On those dates he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on October 7, 2005.

This petition is based on the following facts:

**1.     ASSOCIATION WITH A PERSON CONVICTED OF A FELONY:**

On or about July 19, 2007, the defendant associated with Raymond Simon Mefford, a person who had been convicted of a felony, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 11, 2007, I conducted an unannounced field visit at the defendant's place of employment, Rocky Mountain Inspection Services, 369 East 8th Street, Greeley, Colorado. During this contact, I discovered that the defendant and Raymond Simon Mefford were working for the same employer/job site. Mr. Mefford is also on supervised release under my supervision due to a conviction for Possession With Intent to Distribute Marijuana, in violation of 21 U.S.C. § 952, 960, and 953. Mr. Mefford was sentenced by U.S. District Judge Kathleen Cardone in the Western District of Texas, to 18 months incarceration and three (3) years of supervised release on November 23, 2004. The defendant and Mr. Mefford were both given specific instructions not to associate outside the job site as it would be a violation of their supervised release. Both of them assured me they would not and both stated they understood.

On July 13, 2007, I received information that Mr. Mefford and the defendant were residing in the same residence located at 1912 13th Street, Greeley, Colorado, which belongs to Mr. Mefford. On this same date I spoke with the defendant and Mr. Mefford and confirmed they were living together at Mr. Mefford's residence located at 1912 13th Street, Greeley, Colorado. On this date the defendant was instructed to leave the residence immediately.

**2.     FAILURE TO COMPLETE COMMUNITY SERVICE AS INSTRUCTED**:

The defendant failed to perform 200 hours of community service as directed, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 14, 2005, the defendant was instructed to commence his community service hours at an agency of his choice. Due to the defendant's non-compliance with completion of hours, the defendant was instructed to have all or at least 20 hours by June 5, 2007. On June 5, 2007, the defendant had completed 183.5 hours of community service, leaving the defendant with a balance of 16.5 hours.

On June 13, 2007, I conducted an unannounced field visit at the community service agency, The ARC Thrift Store, 2401 - 21st Street, Greeley, Colorado. I spoke with Renee Rebretrano, who advised me the defendant was told to leave their agency on June 2, 2007, due to a confrontation with a staff member. Ms. Rebretrano advised the defendant reported to the agency wearing unsuitable footware. The store supervisor, Norma Ramos, advised the defendant he needed to go home and change his shoes. The defendant was upset and left the agency; however, when Ms. Ramos looked up she noticed the defendant threw his apron on the floor.

On June 15, 2007, the defendant was confronted with his unsuccessful discharge from The ARC Thrift Store. The defendant advised he was told to return home to change his shoes. He attempted to leave and went to hang his apron; when it fell to the ground. When Ms. Ramos looked up, she thought the defendant threw his apron. Ms. Ramos instructed the defendant to pick up the apron. The defendant stated he complied and left the store. When the defendant attempted to return to work later that evening, he was told he was no longer allowed to complete his hours at their store.

### 3.  FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER:

On or about June 6, 2007, the defendant was contacted by Officer Craig Miller with the Greeley Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On July 11, 2007, I conducted an unannounced field visit at the defendant's place of employment, Rocky Mountain Inspection Services, 369 East 8th Street, Greeley, Colorado. When I asked the defendant if he had any police contact, the defendant advised he received a traffic citation two weeks prior for No Proof of Insurance and a Headlight violation. A record check through Weld County Municipal Court revealed the defendant was contacted by Officer Craig Miller with the Greeley Police Department on June 6, 2007, and was cited for Count One (1), Headlamps to be Lit (traffic) and Count Two (2), No Insurance (traffic), Weld County Municipal Court Case No. 07-M219055. Under the terms of supervision, he should have notified me of this law enforcement contact within 72 hours .

On August 21, 2007, the defendant was arrested by Officer Doug Steinhour with the Greeley Police Department for Failure to Appear in Weld County Municipal Court, Case No. 07-M219055. On this same date, I contacted Weld County Municipal Court. They advised the defendant failed to appear on July 12, 2007. The defendant was then granted a courtesy continuance until July 26, 2007. The defendant again failed to appear and a warrant was issued for his arrest. The defendant continues to owe $30 in order to release the outstanding judgement warrant. On August 28, 2007, Counts One (1) and Two (2) were dismissed.

### 4.  FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT:

On or about August 14, 2007, the defendant terminated employment at Rocky Mountain Inspection Services and failed to notify the probation officer of the change within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On August 16, 2007, I conducted an employment visit at Rocky Mountain Inspection Services, 369 East 8th Street, Greeley, Colorado. I spoke with the owner, Larry Morton, who advised the defendant walked off the job site on Tuesday, August 14, 2007. The defendant left a machine running and told a co-worker to find someone to shut it off. Mr. Morton advised the defendant was having problems running the machine and probably did not want to tell him he made another error. Mr. Morton stated "he's a good worker, but he don't listen." On this same date I attempted a home visit at the defendant's residence. I left a card on the door asking the defendant to call me immediately.

On August 17, 2007, the defendant left a voice message advising he was calling as instructed. The defendant reported the problems he had at the job site and advised he quit earlier in the week.

On August 24, 2007, the defendant was reprimanded for failure to notify me of his employment change within 72 hours. The defendant was reminded failure to do so was a violation of his supervised release.